UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN D. MCBRIDE, | |
| Petitioner, | |
| v. | Case No. 3:25-cv-105-JPG |
| UNITED STATES OF AMERICA, | |
| Respondent. | Related Crim. No. 4:19-40081-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on preliminary review of Kevin McBride's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). The Petitioner filed his motion on January 24, 2025.

Under the Rules Governing Section 2254 and Section 2255 Proceedings (hereinafter "Habeas Rules"), the Court subjects § 2255 petitions to preliminary review. Habeas Rule 4. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, a court must dismiss the motion. *Id.*

McBride makes several claims; each of them are meritless.

First, McBride alleges that there was a "per se conflict of interest/prosecutorial misconduct." He wrote the following:

> The Judge Name on Search Warrant Case E.A. Bloodworth [address] . . . . Kevin McBride [criminal case number] Change of Plea Hearing when [McBride's] Attorney was not even there. Plaintiff Case E.A. Bloodworth March 16, 2022 10:02.

(Doc. 1). In his attached memorandum, he explains that the affidavit supporting the warrant contained "false pretenses" because the search warrant for his residence on East Hester Street in the city of Carbondale, Illinois—while including the correct street number and apartment letter—omitted the word "Street." In other words, if the address in

1

question was "123 Main St., Apt 1, Carbondale, IL" the search warrant read "123 Main, Apt 1, Carbondale, IL."

The case law on this is clear. Minor errors in search warrants—especially when it comes to addresses—do not automatically render a warrant invalid. *E.g. United States v. Kelly*, 772 F.3d 1072, 1081-82 (7th Cir. 2014), *United States v. McMillian*, 786 F.3d 630, 639-640 (7th Cir. 2015). "Minor technical errors or omissions do not automatically invalidate a warrant so long as there is no danger that the officers might inadvertently search the wrong place." 772 F.3d at 1081. In other words, a warrant with an incorrect address complies with the Fourth Amendment so long as other portions of the supporting affidavit describes the location sufficiently enough for an officer to identify the correct location with reasonable effort.

Here, the warrant described the correct apartment, street, and street number. The address provided specified that the apartment in question was within Carbondale, Illinois. The warrant lists "E. Hester;" there is no other public road within the City of Carbondale named "East Hester" or "E. Hester;" nor is there a public road with either of those names within a 550-mile radius. Obviously, there is no way a reasonable officer would confuse the only street within city limits named "E. Hester" with another street named "E. Hester" more than 550 miles away when the address specifies the correct city and state. Thus, this claim is frivolous.

Next, McBride alleges "Ineffective assistance of Counsel." He wrote the following:

> [F]orfeiture comes about through neglect facing 10 years to life and [his] attorney Lupita Thompson is on a video, Constitutionally ineffective for failing to appear at hearing March 16, 2022 her and Government Mr. Norwood, also see (Mr. Blackman's testimony).

*(Id.)*. McBride's attorney appeared in Court by video at the hearing on March 16, 2022. McBride

believes that a video or telephone appearance does not in fact constitute an appearance. Despite McBride's protestations, attorneys are permitted to appear via video—a fact which should be obvious to the Petitioner following the recent COVID-19 pandemic and ubiquitous use of video appearances in court proceedings. This claim is obviously frivolous.

McBride also claims that his sentence "[w]as the result of an incorrect application of the sentencing guidelines and was unreasonable." He writes:

> Look at my Indictment 50-500 grams when it Should've been 500 grams but less than 200 grams Constitutes Prejudice. 130-162 months guideline sentenced to 168 months when it should have been less then (sic) that if anything at level 23 not 27 that I was sentenced under.

(*Id.*). McBride's claim that he was incorrectly sentenced is an inappropriate argument for a § 2255. However, even if McBride wished to claim that his counsel was ineffective for failing to object to an erroneous sentence calculation, that claim would still fail because he was not incorrectly sentenced. The superseding indictment did not indicate that McBride was charged with 50-500 grams of methamphetamine. Rather, the superseding indictment indicated that McBride was culpable for 50 grams or more of pure methamphetamine—commonly known as "ice"—*or* 500 grams or more of a mixture or substance containing methamphetamine. McBride was caught with 55 grams of *pure* methamphetamine (ice), more than the 50 grams of pure methamphetamine that is required. Therefore, he was sentenced correctly. Regardless of whether he brings this claim in the context of alleged IAC or not, this claim is frivolous.

In his fourth and final claim, McBride alleges "Prejudice Judge (J. Phil Gilbert)." He claims that this Court addressed him as 'boy' during his sentencing. The Petitioner writes:

> Being called a 'boy' by a White Judge that is about to sentence me in open court. 168 months when my guidelines should've not even been over like 70 months I was forced to plea guilty once I seen how JPG-2 thought about Black Men (My Race) and my Attorney wasn't even at my courtdate (sic) March 16, 2022.

(*Id.*). McBride submits additional documents and case law supporting the argument that

referring to a black adult male as "boy" is prejudicial due to the racial loading of that term. If this Court ever referred to the Petitioner as "boy," he would have a point; however, that never happened. A thorough review of the sentencing transcript shows that this Court only ever referred to the Petitioner as "Mr. McBride" or simply as the "defendant." At no point did this Court or any person present in the courtroom that day even use the word "boy," let alone use "boy" as a racial pejorative to belittle McBride.

The final page of McBride's petition states: "**I declare . . . under penalty of perjury that the foregoing is true and correct**." (Doc. 1) (emphasis added). McBride signed his name and, under penalty of perjury, swore to tell the truth.

He chose to lie.

It is extremely troubling that the Petitioner would submit a filing to this Court, swearing that his claims were true—under penalty of perjury—and tell a bold-face lie to the Court about the Court's very own statements. It is even more disappointing that he would choose to tell a lie that attempts to cast aspersions on the Court, the judiciary, and paint his sentence as being somehow motivated or in any way influenced by his race. The sentencing guidelines are designed to produce a standard formula based on criminal history and offense conduct. The Petitioner's sentence was influenced by his past conduct—including past felonies—and being caught with over 50 grams of pure methamphetamine. The Petitioner was provided an upward variance for enhancements that the Court explained to McBride. In fact, the Court varied upward *less* than the Government requested.

The Petitioner was sentenced to 168 months in prison. He is 44 years old and scheduled for release in 2032. Perjury is a poor way to begin one's road to rehabilitation;

it only succeeds in demonstrating that the length of the Petitioner's incarceration has had no impact on his ability to self-reflect and take accountability for his actions. Furthermore, it can be used as evidence in any future proceeding involving the Petitioner that he cannot be trusted to tell the truth, not about serious accusations, not even when under oath. The Court hopes that McBride will take this opportunity to ponder these consequences and use it as an opportunity to take some accountability, rather than using the natural consequences of his own poor decision-making as an opportunity to seek out yet another scapegoat. Whether McBride uses this as an opportunity to reevaluate his decision-making or not, this Court and our system of justice takes a very poor view of perjury.

## **CONCLUSION**

Finding that the Petitioner's claims lack any merit and finding that the Petitioner has lied under oath, the Court hereby **DENIES** his petition, **DISMISSES** this case with prejudice.

**IT IS SO ORDERED.**
**DATED:  April 4, 2025**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**