UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN D. MCBRIDE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Case No. 25-cv-105-JPG
Criminal Case No. 19-cr-40081-JPG-2

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Kevin D. McBride's motion for leave to appeal *in forma pauperis* (Doc. 12). McBride is appealing the Court's April 4, 2025, denial of his motion under 28 U.S.C. § 2255.

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); Fed. R. App. P. 24(a)(3)(A). A frivolous appeal cannot be made in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). The test for determining if an appeal is in good faith or not frivolous is whether any of the legal points are reasonably arguable on their merits. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967)); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

McBride has not signed the affidavit in support of indigency or submitted a certified copy of his inmate trust fund account statement for the past six months. Without such a signed affidavit and a trust fund account statement, the Court cannot determine whether McBride is indigent. The Court **DIRECTS** the Clerk of Court to send McBride a copy of his motion/affidavit (Doc. 12, pages 1-3) for him to sign and return <u>with a certified copy of his trust fund account statement</u> on or before August 15, 2025. The Court **RESERVES RULING** on the motion for leave to proceed *in*

*forma pauperis*.  The Court **DIRECTS** the Clerk of Court to send a copy of this order to the Court of Appeals for use in conjunction with Appeal No. 25-2122.

Additionally, the Court declined to address the question of a certificate of appealability when it denied McBride's § 2255 motion.  It does so now.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).  To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further."  *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 580 U.S. 100, 115 (2017); *Miller-El v. Cockrell*, 537 U. S. 322, 327 (2003).  The Court finds that, although McBride has made some arguably valid criticism of the Court's order dismissing his § 2255 motion,[1] he has not made a substantial showing of the denial of a constitutional right and, accordingly, **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED:  July 24, 2025**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**

---

[1] For example, the order chastised McBride for lying that the Court used the term "boy" at his sentencing hearing.  A transcript of the plea hearing reveals that the Court did say, "So, boy, I've really gone off. . ." as an exclamation during that hearing when it found itself off track from its usual plea colloquy sequence.  The context shows the Court was not referring to the defendant as a "boy."  So rather than being a liar, as the Court called McBride, it appears he was simply confused as to the proceeding where the word "boy" was uttered.