UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN D. MCBRIDE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 25-cv-00105-JPG

## MEMORANDUM AND ORDER

This case is before the Court on Petitioner Kevin McBride's Motion to Alter or Amend Judgment (Doc. 7), Motion for Copies (Doc. 22), and Motion for Reconsideration (Doc. 23). In his motion to alter or amend judgment, Petitioner asks for the Court to reinstate his case because he can prove his claims. His motion for copies requests free copies of two documents. In his motion for reconsideration, Petitioner asks the Court to relieve him from judgment under Federal Rule of Civil Procedure 60(b)(1). He argues that his default was the result of excusable neglect, and that he clearly establishes there is newly discovered evidence that requires the Court to reopen the case.

**I.**      **ANALYSIS**

    A.   Motion to Alter or Amend Judgment:

Based on the title of the motion, it appears that Petitioner is seeking relief under Federal Rule of Civil Procedure 59(e). A motion under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." The Court cannot extend this deadline. *See* FED. R. CIV. P. 6(b)(2). Petitioner's 28-day period began to run the day judgment was entered on the docket sheet—April 4, 2025—and ended on May 2, 2025, nineteen (19) days before his motion was received and docketed by the Clerk of Court. Since Petitioner is incarcerated, he is entitled to the

benefit of the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 276 (7th Cir. 1988), where his motion is deemed filed the day he placed it in the mail. But his motion is dated May 6, 2025, which is still beyond the 28-day deadline. Therefore, the mailbox rule does not save his motion.

Petitioner's delay, however, is not fatal to his motion. Any motion for reconsideration filed after the 28-day deadline should be considered under Federal Rule of Civil Procedure 60(b) rather than 59(e). *Williams v. Illinois*, 737 F.3d 473, 475 (7th Cir. 2013). It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *Gonzalez v. Crosby*, 545 U. S. 524, 535 (2005); *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes the Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz" Off Coast of France on Mar. 16, 1978*, 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table). Rather, it is a collateral attack on judgment, and the grounds for that attack must be something other than an argument that could have been used to obtain reversal on direct appeal. *Kiswani v. Phoenix Sec. Agency, Inc.*, 584

F.3d 741, 743 (7th Cir. 2009).

      Petitioner's motion is not a collateral attack because it does not raise a new ground for setting aside the judgment. His motion argues that the Court erred because it stated he made a bold-face lie and committed perjury when he claimed that the Court addressed him as a "boy" during his sentencing. This argument fails. While the Court's statements may have been unduly harsh, they were not untrue. The Court did not call Petitioner a "boy" at his sentencing. The term "boy" does not appear in the sentencing transcript. The Court acknowledges that the term shows up in the transcript of a different hearing. At the change of plea hearing, the Court did say, "So, boy, I've really gone off – I don't even know where I am, though, because I kind of jumped around here." However, contrary to Petitioner's contentions, the context makes it clear that the Court was not referring to Petitioner as a "boy." The fact that the term "boy" can be found in the change of plea transcript is not newly discovered evidence. The transcript was available at the time the Court denied Petitioner's § 2255 motion. In addition, this argument could have been raised by Petitioner on appeal. In fact, Petitioner did raise this argument on appeal. Accordingly, it is not a proper argument to raise in a Rule 60(b) motion.

    B. <u>Motion for Copies:</u>

      Petitioner has no constitutional right to a complimentary copy of any document in his court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requester to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust

3

account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for some specific non-frivolous court action. *See U.S. ex rel. Davidson v. Wilkinson*, 618 F.2d 1215, 1218–19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413–14. These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense. Petitioner has not made a showing of indigency through a sufficient copy of his trust account. Further, he does not state the reason he is requesting the documents, so the Court cannot determine that they are necessary for some specific non-frivolous court action. As such, the Court will not provide him with copies free of charge.

    C.  <u>Motion for Reconsideration:</u>

This motion is brought under Federal Rule of Civil Procedure 60(b). As established above, a Rule 60(b) motion is a collateral attack on judgment, and the grounds for that attack must be something other than an argument that could have been used to obtain reversal on direct appeal. *See Kiswani*, 584 F.3d at 743. In the motion, Petitioner makes two arguments. The first is that the Court may relieve him from a default judgment because of excusable neglect. He states that he was unable, despite diligence, to obtain his trust fund statement. But there is no default judgment entered against Petitioner. Therefore, the Court will disregard this argument. The second is that there is newly discovered evidence that requires the Court to reopen the case. He alleges the newly discovered evidence is that: (1) the search warrant was based on false pretenses because it omitted the word "street," and (2) the Court referred to him as "boy" in the change of plea hearing. The Court rejects this argument. Petitioner's allegation that the search warrant was invalid was addressed, and rejected, by the Court in its Memorandum and Order, dated April 4,

2025. The fact that the term "boy" can be found in the change of plea transcript is not newly discovered evidence. The transcript was available at the time the Court denied Petitioner's § 2255 motion. In addition, both arguments could have been raised by Petitioner on appeal. Therefore, they are not proper arguments to raise in a Rule 60(b) motion.

## II.    CONCLUSION

The Court finds that Petitioner has not made any arguments in his motion to alter or amend judgment or in his motion for reconsideration that can properly be raised in a Rule 60(b) motion. He already made the arguments in his § 2255 motion and he could have argued them on appeal. In addition, it finds that Petitioner has failed to make the required showing for the Court to provide him with copies of his court documents free of charge. He has not provided a sufficient copy of his trust account and does not state the reason he is requesting the copies. As such, the Court DENIES Petitioner Kevin McBride's Motion to Alter or Amend Judgment (Doc. 7), Motion for Copies (Doc. 22), and Motion for Reconsideration (Doc. 23).

**IT IS SO ORDERED.**
**DATED**:   **December 17, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**