UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN D MCBRIDE,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. 25-cv-00105-JPG

**MEMORANDUM AND ORDER**

This case is before the Court Petitioner Kevin McBride's Motion for Reconsideration (Doc. 31). The Court construes the motion as being brought under Federal Rule of Civil Procedure 60(b) because it was filed more than 28 days after entry of judgment. In his current motion, Petitioner reargues the issues he raised in his original petition on Grounds 1 and 4, which asserted there was a "per se conflict of interest/prosecutorial misconduct" and a "prejudice judge." He also argues that the Transcript of Sentencing is confusing because it lists the attorney for Plaintiff as Casey E.A. Bloodworth when it was George Norwood.

A post-judgment motion such as a Rule 60(b) motion that advances a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005). Petitioner's pending motion reasserts two of the same arguments on the merits that he raised in his § 2255 petition and advances a new ground for relief from conviction. Thus, it is a successive petition under the rule of *Gonzalez*. For this Court to consider a successive petition, the Seventh Circuit must certify the successive petition pursuant to 28 U.S.C. § 2255. It has not done so. Accordingly, the Court does not have jurisdiction to consider Petitioner's Motion for Reconsideration (Doc. 31) and **DISMISSES** it for lack of

jurisdiction.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to Petitioner. A certificate of appealability is required to appeal from the dismissal of an unauthorized second or successive collateral attack. *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (*per curiam*). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1046 (7th Cir. 2001). The Court finds that Petitioner has not made such a showing. As such, it **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED**: **October 22, 2026**

J. Phil Gilbert

**J. PHIL GILBERT**
**United States District Judge**